UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NOE DANIEL ALVARADO,

    Plaintiff,                                          Civil Action No. 18-CV-11142

vs.                                                  HON. BERNARD A. FRIEDMAN

MICHIGAN DEPARTMENT
OF CORRECTIONS, et al.,

    Defendants.
_____/

**OPINION AND ORDER GRANTING THE MOTION OF THE MDOC
DEFENDANTS TO DISMISS AND SUA SPONTE DISMISSING
THE COMPLAINT AS TO DEFENDANT UAW**

This matter is presently before the Court on the motion of defendants Michigan Department of Corrections ("MDOC"), Washington, Brewer, Scutt, McRoberts, Brown, and Merkey ("the MDOC defendants") to dismiss [docket entry 7]. Plaintiff has filed a response in opposition, and the MDOC defendants have filed a reply. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

This is an employment discrimination case. Plaintiff, "a 49-year old Hispanic male employed by the [MDOC] since 1994," Compl. ¶ 6, alleges that over the past twenty years defendants have subjected him to various forms of discrimination and harassment based on his gender and race and that they have retaliated against him for filing grievances about this perceived mistreatment. For example, plaintiff alleges that in 1999 defendant Straub denied his request for a light duty assignment after suffering a work-related injury in retaliation "for filing complaints." *Id.* ¶ 21. In 2005 plaintiff "felt he was being discriminated against" when he was denied a promotion. *Id.* ¶ 24. In "2005-2008 the Plaintiff applied to various promotional positions in the MDOC to no

avail." *Id.* ¶ 30. From 2007 to the present, plaintiff "has been complaining that grievances that are filed by inmates against the Plaintiff are not being properly screened whereas with others they are." *Id.* ¶ 35. In July and August 2012 plaintiff received three "unjust suspensions" of three and four days' duration. *Id.* ¶¶ 52, 56, 60. In 2013 a co-worker called plaintiff an "ass," but that co-worker was not disciplined. *Id.* ¶ 75. In 2014 and 2016 plaintiff learned that white co-workers were promoted to a position for which he had applied. *Id.* ¶¶ 77, 109. Also in 2014 defendants Merkey and Brewer denied plaintiff's request to take a leave of absence to care for his ill father, "although others were allowed to do so with no consequences." *Id.* ¶¶ 84-85. In 2015 defendant Merkey gave plaintiff a performance review, which plaintiff perceived to be "discriminatory harassment" because Merkey marked several of the categories with a "needs improvement" rating. *Id.* ¶ 93.

Further, from July 2015 to the present plaintiff "notice[d] different staff calling him 'El Chapo' a reference to a Cartel Drug Kingpin." *Id.* ¶ 95. In April 2015 plaintiff "was given a 26-page investigative questionnaire in response to the discriminatory harassment complaint [he] filed against certain individuals on February 21, 2015." *Id.* ¶ 97. Plaintiff found this questionnaire to be "nothing less than a scare tactic meant to intimidate, retaliate and harass the Plaintiff." *Id.* "On or about January 8, 2016 a coworker gave the Plaintiff a flyer that read 'OBI Juan Kenobi.'" *Id.* ¶ 102. In 2016 defendant McRoberts denied plaintiff's request to be allowed to be patted down at the security checkpoint, rather than having to remove his jacket, as an accommodation for his torn rotator cuff. *Id.* ¶ 104. In November 2016 defendants McRoberts and Merkey "berated and belittled the Plaintiff for making complaints." *Id.* ¶ 114. In February 2017 plaintiff "serve[d] his one day suspension that Defendant Brewer initiated." *Id.* ¶ 121. In March 2017 plaintiff was "directed to sign in and out of the building he works out of or face discipline although a black female librarian

2

never signs in or out with no consequences." *Id.* ¶ 123. In September 2017 "while having lunch with a coworker another coworker move[d] a bottle of hot sauce 'Cholula' next to the Plaintiff and said 'Here you go, Noe.'" *Id.* ¶ 124. In October 2017 two workers asked plaintiff if he was going to get any tacos that day, as they claimed it was "National Taco Day." *Id.* ¶ 125. Plaintiff alleges he was "[s]hocked [and] changed the subject." *Id.* The same month coworkers who were making coffee said, "You can't have Cuban coffee you're Mexican . . . that is not racist is it?" *Id.* ¶ 127. Plaintiff also alleges that he filed many grievances about these incidents, but that the grievances were denied or ignored.

Based on these allegations, plaintiff asserts claims against the MDOC defendants under Title VII of the Civil Rights Act of 1964 (Counts I and II) for "subject[ing] him to a hostile work environment due to the Plaintiff's race" and "changing his assignments and escalating their discriminatory treatment against him." *Id.* ¶¶ 131, 139. He also asserts claims (in Counts III and IV) against the MDOC defendants and defendant United Auto Workers ("UAW") under 42 U.S.C. § 1981 because "[d]efendants treated Plaintiff differently, harassed him, and subjected him to a hostile work environment on the basis of his race/hispanic ethnicity" and based on defendants' "retaliatory treatment and harassment of the Plaintiff . . . including changing his assignments and escalating their discriminatory treatment against him." *Id.* ¶¶ 144, 152. For relief, plaintiff seeks damages, lost wages and benefits, costs, interest, and "[a]n injunction . . . prohibiting any further acts of wrongdoing towards the Plaintiff or his zone of interests." Compl. at 25.

The MDOC defendants seek dismissal of plaintiff's Title VII claims because the vast majority of the incidents alleged in the complaint are time barred. These defendants note that plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission

3

("EEOC") on May 2, 2017.[1] *See* Defs.' Reply, Ex. 1. Under 42 U.S.C. § 2000e-5(e)(1), plaintiff had to file his EEOC charge within 180 days of the alleged discriminatory acts. *See Williams v. Nw. Airlines, Inc.*, 53 F. App'x 350, 351–52 (6th Cir. 2002). Therefore, the only incidents at issue in this case for Title VII purposes are those which occurred during the 180-day period preceding the date when plaintiff filed his EEOC charge, i.e., from November 3, 2016, to May 2, 2017.

Of the many discriminatory/retaliatory incidents alleged in the complaint, only three occurred during this time period: defendants McRoberts and Merkey allegedly "berated and belittled the Plaintiff for making complaints" in November 2016; defendant Brewer allegedly suspended plaintiff for one day in February 2017; and plaintiff was "directed to sign in and out of the building he works out of or face discipline although a black female librarian never signs in or out with no consequences" in March 2017. Comp. ¶¶ 114, 121, 123. Yet of these three incidents, only the February 2017 suspension was mentioned in plaintiff's EEOC charge. As the filing of an EEOC charge is a prerequisite to bringing suit under Title VII, *see* 42 U.S.C. § 2000e-5(e); *Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1486 (6th Cir. 1989), plaintiff's Title VII claim is supported

---

[1] In his EEOC charge, plaintiff alleged in relevant part:

> On or about March 10, 2015, I filed EEOC Charge 471-2015-01424, against the Employer. In August 2016, I found out that a Caucasian co-worker had received a promotion to level 12, with back pay. When I inquired about a promotion, I was told that it did not exist. On or about February 14, 2017, I served a 1-day suspension for violating an alleged policy. I believe that although a female co-worker violated that same policy, she received only a verbal warning.
>
> I believe I have been discriminated against and retaliated against, denied a promotion and suspended because of my national origin (Hispanic), sex (male) and due to my participation in a protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

solely by the February 2017 suspension.

Plaintiff's entire allegation regarding this suspension is that "[o]n or about February 14, 2017 the Plaintiff serve[d] his one day suspension that Defendant Brewer initiated."[2] Compl. ¶ 121. This allegation fails to state a claim because it does not contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nor does this allegation, which provides all of the complaint's information regarding the February 2017 suspension, constitute "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to giver the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint alleges no facts concerning the circumstances of the "suspension that Defendant Brewer initiated," and there is no allegation that the suspension had anything to do with plaintiff's race or gender or the fact that he had filed complaints and grievances in the past. Accordingly, the Court shall grant the MDOC defendants' motion to dismiss Counts I and II of the complaint.

In Counts III and IV, plaintiff is suing the MDOC defendants and the UAW under 42 U.S.C. § 1981. While this statute, like Title VII, prohibits race discrimination in employment, the Sixth Circuit has held that it provides no remedy against state actors either in their individual or in their official capacities. *See McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012);

---

[2] As noted, in his EEOC charge plaintiff alleged that "[o]n or about February 14, 2017, I served a 1-day suspension for violating an alleged policy. I believe that although a female co-worker violated that same policy, she received only a verbal warning." Defs.' Reply, Ex. 1. The only similar allegation in the complaint is that in March 2017 plaintiff was "directed to sign in and out of the building he works out of or face discipline although a black female librarian never signs in or out with no consequences." Compl. ¶ 123.

*Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008). The individual MDOC defendants are entitled to dismissal of Counts III and IV for this reason. Defendant MDOC, being a state department, is entitled to dismissal because it has immunity under the Eleventh Amendment. *See, e.g.*, *O'Brien v. Mich. Dep't of Corr.*, 592 F. App'x 338, 341 (6th Cir. 2014).

Finally, the Court shall sua sponte dismiss the complaint as to defendant UAW for lack of jurisdiction. Plaintiff's only allegations against the UAW are that in February 2013 it found that "no contract violation could be sustained" regarding three of plaintiff's grievances, while plaintiff believed there was "overwhelming evidence to the contrary," Compl. ¶ 65, and that in November 2016 "in response to a grievance the Plaintiff filed, the UAW representative (black female librarian) told the Plaintiff '. . . You create hostile environments before trying to resolve the issue . . .' AND she copied Defendants Warden Shawn Brewer and Deputy Warden Lee McRoberts." *Id.* ¶ 111. Plaintiff does not allege that the union's decision not to pursue his grievances had anything to do with his race or gender. The Court has no jurisdiction to entertain frivolous, insubstantial allegations such as these. *See Hagans v. Lavine*, 415 U.S. 528, 538 (1974). Accordingly,

IT IS ORDERED that the MDOC defendants' motion to dismiss is granted.

IT IS FURTHER ORDERED that the complaint is dismissed as to defendant UAW on the Court's own motion.

s/Bernard A. Friedman
Dated: August 28, 2018      BERNARD A. FRIEDMAN
Detroit, Michigan      SENIOR UNITED STATES DISTRICT JUDGE

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 28, 2018.

                                                s/Johnetta M. Curry-Williams
                                                Case Manager